NEW YORK COUNTY.—HON. D. G. ROLLINS, SUR-
ROGATE.—February, 1884.

## FERRIS V. FERRIS.

*In the matter of the petition for the removal of* OSCAR
C. FERRIS, *as trustee under the will of* THOMAS T.
FERRIS, *deceased.*

To present a *prima facie* case, justifying the removal of a testamentary
trustee from office, for lending trust funds upon defective security,
in violation of the terms of the will, petitioner should make either (1)
a direct allegation that he intentionally disobeyed the injunction of
the will, and made a loan or loans upon security which he knew or
ought to have known to be less than was demanded by the terms of
that instrument ; or (2) some statement both of the amount lent, and
of the value of the corresponding security, whereby, upon mere
comparison, it would presumptively appear that the respondent
had purposely exceeded the authority given him by the will.

Testator's will directed his trustee to invest the principal of a fund
in bonds secured by mortgage upon real estate, "such real estate
to exceed in value by fifty per cent. the amount loaned there-
on." Beneficiaries of the trust filed a petition for the removal of
the trustee, alleging among other things, upon information and
belief, that he had lent the "trust funds mentioned . . . . .
upon property exceeding fifty per cent. of its value, in violation of
the terms of said will," and that petitioners were "unable to specify
the particular instances in which this was done," but claimed "to
take advantage of the same when they are (were) able to specifically
prove it." Respondent asked to have this, among other allegations,
stricken out as too indefinite and uncertain.—

*Held,* that the application should be granted for the reasons (1) that any
acquisition of information and formation of belief by petitioners
implied the ability to present their charges with less vagueness than
characterized the same ; (2) that there was no allegation of a
wrongful intent or purpose ; and (3) that the will allowed the
trustees to make loans to the extent of sixty-six and two thirds per
cent. of the value of the security.

APPLICATION by Nunez C. Ferris and another, sons of decedent, and beneficiaries under his will, to remove Oscar C. Ferris from office as testamentary trustee. The facts appear sufficiently in the opinion.

Dos Passos Bros., *for petitioners.*

G. M. Thompson, *for trustee.*

The Surrogate.—The counsel for the petitioners in this proceeding asks that the issues raised by the amended petition and the answer of the respondent Oscar C. Ferris be submitted at once to a referee. The respondent, on the other hand, claims by that answer that certain allegations of the petition are too indefinite to demand reply; that they should accordingly be stricken out, and that the petitioners should be debarred from giving evidence in their support. It is also insisted that, when these objectionable matters are eliminated from the proceedings, the remaining issues can be conveniently passed upon by the Surrogate without resorting to a reference.

The allegations complained of are two in number, and the first of them is in these words:

"Your petitioners further allege, upon information and belief, that the said Oscar C. Ferris loaned or caused to be loaned the trust fund mentioned in the ninth clause of said will upon property exceeding fifty per cent. of its value, in violation of the terms of said will, but your petitioners are unable to specify the particular instances in which this was done, but claim to take advantage of the same when they are able to specifically prove it."

*First.*—The respondent's counsel claims that this pleading is defective for its failure to specify any particular piece of property upon which there was ever loaned a larger sum of money than was permissible under the restraints of the will, and that it is asking too much of the respondent to require him to meet this sweeping allegation that at some undesignated period, during his administration of his trusts, he has effected some loan, whose amount is not stated, upon some property whose whereabouts and value are in nowise disclosed, which loan exceeded, by some unspecified sum, the maximum limit established by the will of the testator.

I think that the respondent's objection is well taken. While it is true, as the petitioner's counsel urges, that the nature, description and amount of the loans effected by the respondent are doubtless within his own knowledge, and are not peculiarly within the knowledge of the petitioners, I can scarcely see how those petitioners can have acquired information and formed a belief on this subject, without being able to present their charges with less vagueness than characterizes the allegations now under discussion.

*Second.*—There is another reason why I am unwilling to permit the taking of the testimony under this averment, as it stands. If it were admitted to be true, it would not warrant me in granting the relief for which the petitioner asks. To justify the removal of this respondent from his office as trustee, for such a cause as is here sought to be assigned, there should be either (*a*) a direct allegation that he intentionally disobeyed the injunction of the will and made some loan or loans

upon security which he knew, or ought to have known, to be less than was demanded by the terms of that instrument; or (*b*) some statement both of the amount loaned and of the value of the corresponding security, whereby, upon mere comparison, it would *prima facie* appear that the respondent had purposely exceeded the authority given him by the will.

*Third.*—The allegation complained of is immaterial and undeserving an answer for another reason. The clause of the will upon which it is based is in the words following: "I direct my executor and executrices to pay over to my brother Oscar C. Ferris, my mother Catharine A. Ferris and my sister-in-law Catharine E. Kraft the sum of $200,000 to have and to hold in trust to invest and keep invested the said sum upon bonds secured by mortgage upon real estate . . . *such real estate to exceed in value by fifty per cent. the amount loaned thereon.*" Now, the allegation of the petitioner is that the trustee, Oscar C. Ferris loaned the trust funds, etc., "*upon property exceeding fifty per cent. of its value.*" This allegation, if taken literally, amounts only to this: that the property which in one or more instances afforded security for a loan was worth more than fifty per cent. of its own value. That is, of course, a harmless and necessary truth. All property is worth more than fifty per cent. of its own value, if it is worth anything at all. The pleader doubtless sought to allege that, on one or more occasions, the respondent made loans in excess of fifty per cent. of the value of the security. But this he was quite free to do, so far as the restraints of the will are concerned. That instrument allows the trustees, in the exercise of

their discretion, to make loans to the extent of sixty-six and two thirds per cent. of the value of the security. It does not declare that no loan shall exceed fifty per cent. of the value of the property by which it is secured. In other words, it does not insist that the value of the security shall be *double* the amount of the loan, but it demands that the value of the security shall in every instance be *equal* to the amount of the loan itself, with *fifty per cent.* additional.

As to the allegations which I have been reviewing, the respondent's motion is granted.

*Fourth.*—There is another which the respondent also claims should be stricken out, as too indefinite to require an answer. It declares that, in respect to the trust funds created by the ninth clause of the will, the respondent, as petitioners are informed and believe, "took mortgages and assignments of mortgages in his own individual name, and also failed to record mortgages or assignments of mortgages made by said Oscar C. Ferris to himself and his co-trustees, as such trustees, for a long period of time, but your petitioners are unable to give the exact instances, but claim to take advantage of the same when they are proved."

The respondent, in his answer, admits that certain mortgages which he does not specify were made in his individual name and so recorded, and that assignments of such mortgages made by himself to the trustees were not put upon record. He states why it was that, under the advice of counsel, this course was pursued. It thus appears that the respondent is not likely to suffer harm from the indefiniteness whereof he complains.

As regards this phase of the controversy, I therefore deny his motion.